UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **IRVINE DIRK BILLIOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-0722** |
| **STATE OF LOUISIANA** | **SECTION "C"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   Current Status of the Case

The petitioner, Irvine Dirk Billiot ("Billiot"), filed this petition for issuance of a writ of habeas corpus challenging his 2010 conviction in Terrebonne Parish for indecent behavior with a juvenile.[2] In the petition, Billiot alleged that his sentence was excessive and that the evidence was insufficient to support the verdict. On January 31, 2014, the undersigned Magistrate Judge issued a Report and Recommendation recommending that Billiot's petition be dismissed without prejudice for failure to exhaust state court remedies in connection with the insufficient evidence claim.[3] Billiot

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1.

[3] Rec. Doc. No. 11.

filed objections with the District Judge and indicated therein that he would amend his petition to dismiss the unexhausted claim and proceed with the excessive sentence claim.[4]  The District Judge granted the request to dismiss the insufficient evidence claim and referred the matter to the undersigned for consideration of the remaining exhausted claim of excessive sentence.[5]

## II.  State Court Factual and Procedural Background[6]

The facts of the case were outlined in detail in the original Report and Recommendation and are repeated here for ease of reference.

Billiot is a convicted inmate incarcerated in the Franklin Parish Detention Center in Winnsboro, Louisiana.[7]  Billiot was charged on September 7, 2010, by Bill of Information in Terrebonne Parish with the unlawful transmission of an electronic textual communication or visual communication depicting lewd or lascivious conduct, text, or images to a juvenile where the age difference is greater than two years and done with the intent to arouse or gratify the sexual desires of either.[8]  He entered a plea of not guilty to the amended charge that same day.[9]

---

[4]Rec. Doc. No. 12.

[5]Rec. Doc. No. 13.

[6]As noted in the Court's original Report and Recommendation, the Terrebonne Parish District Attorney's Office has failed to provide the Court with the trial transcripts and the records from the Louisiana Supreme Court, and has offered no explanation for its failure to do so as required by this Court's briefing order. Rec. Doc. No. 6.  Nevertheless, the Court finds that the record is adequate to address the procedural dismissal of this habeas corpus petition.  The Terrebonne Parish District Attorney is ordered and advised to fully comply with the future briefing orders of this Court.

[7]Rec. Doc. Nos. 1, 12.

[8]St. Rec. Vol. 1 of 1, Second Amended Bill of Information, 9/7/10.  Billiot was initially charged with one count of committing a lewd and lascivious act upon the person or in the presence of a female juvenile and one count of possession of photographs of sexual performance involving juveniles under the age of seventeen.  Id., Bill of Information, 3/10/09.  The charges were amended to expand the date range of the acts.  Id., Amended Bill of Information, 4/2/09.

[9]St. Rec. Vol. 1 of 1, Trial Minutes, 9/7/10.

The record reflects that, on February 11, 2009, A.S.,[10] a fourteen-year-old girl, was intoxicated when she arrived for evening services at her church.[11] The minister called local police, who took A.S. to the emergency room at Leonard J. Chabert Medical Center in Houma, Louisiana. Deputy Jason Pelligrin of the Terrebonne Parish Sheriff's Office was sent to the hospital to interview A.S.

The local police accompanying A.S. told Deputy Pelligrin that A.S. mentioned she had received some text messages on her cell phone that were sexual in nature. During the interview, Deputy Pelligrin asked A.S. who had provided her with the alcohol. She told him that Billiot, an adult she knew through a friend, had given it to her. She also told the deputy that Billiot had sent her the text messages, and she described some of them to be sexually-explicit text messages.

The investigation revealed that A.S.'s cell phone contained over two-hundred text messages, most of which were sexual in nature and were received from Billiot's cell phone number. He sent her these text messages from January 1 through February 11, 2009. With few exceptions, the texts became more sexually explicit over time. Many of them referred to the alcohol he was providing to A.S. Several of them referred to nude and semi-nude pictures of A.S. taken for Billiot.

Billiot, who was forty-three (43) years old at the time, requested that A.S. take these pictures and even directed her on how to pose. A.S. would send the pictures to Billiot from her cell phone. He would send text messages back to her commenting on the pictures and telling her that he would

---

[10]Louisiana law requires the use of initials to identify victims of sex crimes and this Court will abide by that preference. La. Rev. Stat. Ann. § 46:1844W.

[11]The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal on direct appeal. *State v. Billiot*, No. 2011-KA-1497, 2012 WL 1012257, at *1 (La. App. 1st Cir. 2012); St. Rec. Vol. 1 of 1, 1st Cir. Opinion, 2011-KA-1497, pp. 2-3, 3/23/12.

masturbate while looking them.  Billiot also sent text messages to A.S. asking her if she would allow him to kiss and lick certain parts of her body and pressing her to be alone with him.

Billiot was tried before a jury on September 7 and 8, 2010, and was found guilty of indecent behavior with a juvenile.[12]  At a hearing held October 4, 2010, the Trial Court denied Billiot's motions for new trial and for post-verdict judgment of acquittal.[13]  The Court sentenced Billiot on October 8, 2010, to serve seven (7) years in prison at hard labor and ordered that he comply with Louisiana's sex offender registration laws.[14]  The Court denied Billiot's motion to reconsider the sentence on October 14, 2010.[15]

On direct appeal, Billiot's appointed counsel urged two grounds for relief:[16] (1) the Trial Court erred by denying the defense's challenge for cause as to juror Gordon Hebert; and (2) the Trial Court erred by imposing a constitutionally excessive sentence.  The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence, on March 23, 2012, finding no merit in the second issue.[17]  The Court also held that the first issue was procedurally improper in that it was not preserved for appeal by contemporaneous objection, and that it otherwise was meritless.

---

[12]St. Rec. Vol. 1 of 1, Trial Minutes (2 pages), 9/8/10; Trial Minutes (3 pages), 9/7/10.

[13]St. Rec. Vol. 1 of 1, Minute Entry, 10/4/10.

[14]St. Rec. Vol. 1 of 1, Sentencing Minutes, 10/8/10; Sentencing Transcript, 10/8/10.

[15]St. Rec. Vol. 1 of 1, Motion to Reconsider Sentence, 10/15/10; Trial Court Order, 10/14/10.

[16]St. Rec. Vol. 1 of 1,

[17]*Billiot*, 2012 WL 1012257, at *1; St. Rec. Vol. 1 of 1, 1st Cir. Opinion, 2011-KA-1497, 3/23/12.

On September 28, 2012, the Louisiana Supreme Court denied Billiot's related writ application without stated reasons.[18] Assuming that writ application was timely filed,[19] Billiot's conviction and sentence became final ninety (90) days later, on December 27, 2012, because he did not file a writ application with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

### III.   Federal Petition

On December 14, 2012, the clerk of the United States District Court for the Western District of Louisiana filed Billiot's federal petition for habeas corpus relief in which he argues that the sentence was unconstitutionally excessive and that the evidence was insufficient to support the conviction.[20] The case was transferred to this Court on April 11, 2013.[21]

The State filed an answer in opposition to the petition arguing that Billiot did not exhaust state court remedies on the insufficient evidence issue and that the excessive sentence issue is meritless.[22]

---

[18]*State ex rel. Billiot v. State*, 98 So.3d 835 (La. 2012); St. Rec. Vol. 1 of 1, La. S. Ct. Order, 2012-KH-1185, 9/28/12; La. S. Ct. Letter, 2012-KH-1185, 5/30/12.

[19]As previously referenced, the State failed to provide a copy of this writ application. The record reflects that the application may not have been timely filed, and it would not count towards the finality of Billiot's conviction or the timeliness of this federal petition. The State's failure enures to Billiot's benefit in this case.

[20]Rec. Doc. No. 1.

[21]Rec. Doc. No. 5.

[22]Rec. Doc. No. 8.

## IV.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[23] applies to this petition, which is deemed filed in a federal court no later than December 11, 2012.[24]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As indicated above, the State argued that Billiot failed to exhaust state court remedies as to his second claim.  This defense was addressed in the Court's prior Report and has resulted in Billiot's decision to dismiss the unexhausted claim and proceed with the excessive sentence claim.

## V.     Excessive Sentence

Billiot alleges that he should not have received the maximum sentence of seven (7) years because he had not been in trouble with the law since 1992.  The State argues that the claim is without merit based on the state courts' findings that his criminal history and the nature of the offense was sufficient to support the imposition of the maximum sentence.

---

[23] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[24] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes.  *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of Western District filed Billiot's habeas petition on December 14, 2012, when it and the filing fee was received.  Billiot did not sign or date his pleading.  The earliest date appearing in this record is the postmark date of December 11, 2012.  Billiot has not provided any other date to indicated when he presented the pleadings to the prison officials for forwarding to a court.

Billiot's counsel raised this issue on direct appeal to the Louisiana First Circuit. The Court reviewed the reasons for sentencing given by the Trial Court, noting the references to Billiot's two prior felonies (including one for indecent behavior with a juvenile) and the circumstances of the offense. The Court mentioned the vulnerability of the minor and Billiot's use of his position and status to facilitate the commission of the crime. The Court also emphasized the Trial Court's findings that Billiot's messages to A.S. "became increasingly sexually explicit."[25] The Court resolved that Billiot's prior conviction for the same offense did not deter his behavior and the maximum sentences was not an abuse of discretion under the circumstances. This was the last reasoned state court opinion because the Louisiana Supreme Court denied relief without stated reasons. *See Ylst v. Nunnemaker*, 501 U.S. 797, 802 (1991) (when the last state court judgment does not indicate the basis for its ruling, the federal court will presume that the state court has relied upon the same grounds as the last reasoned state court opinion).

Under federal habeas review, an excessive sentence claim presents a question of law. *Davis v. Cain*, 44 F. Supp.2d 792, 798 (E.D. La.1999); *Jones v. Kaylo*, No. 99-0567, 1999 WL 544680, at *1 (E.D. La. July 26, 1999) (Berrigan, J.) ("The question of excessive sentence is purely a question of law... ."); *see also*, *Copeland v. Tanner*, No. 12-2801, 2013 WL 3776344, at * 12 (E.D. La. Jul. 15, 2013) (Milazzo, J.) (order adopting report and recommendation); *Chatman v. Miller*, No. 05-1481, 2005 WL 3588637, at *5 (E.D. La. Nov. 9, 2005) (McNamara, J.) (order adopting report and recommendation).

To the extent Billiot challenges the state courts' compliance with Louisiana's sentencing laws and the Louisiana Constitution, his claim is not the concern of federal habeas review. *Butler*

---

[25]*Billiot*, 2012 WL 1012257, at *3; St. Rec. Vol. 1 of 1, 1st Cir. Opinion, 2011-KA-1497, p. 8, 3/23/12.

*v. Cain*, 327 F. App'x 455, 457 (5th Cir. 2009). Instead, federal courts afford broad discretion to a state trial court's sentencing decision that falls within statutory limits. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987); *Turner v. Cain*, 199 F.3d 437, 1999 WL 1067559, at *3 (5th Cir. Oct. 15, 1999) (Table, text in Westlaw) (sentence was within Louisiana statutory limits and within trial court's discretion, therefore petitioner failed to state cognizable habeas claim for excessive sentence). As will be discussed, the sentence imposed upon Billiot was clearly within those state statutory limits and was not excessive.

When a sentence is within the statutory limits, a federal habeas court will not upset the terms of the sentence unless it is shown to be grossly disproportionate to the gravity of the offense. *See Harmelin v. Michigan*, 501 U.S. 957, 993-95 (1991); *Solem v. Helm*, 463 U.S. 277, 290-91 & n.17 (1983). "[W]hen a threshold comparison of the crime committed to the sentence imposed leads to an inference of 'gross disproportionality,'" a court then considers (a) the sentences imposed on other criminals in the same jurisdiction; and (b) the sentences imposed for commission of the same offense in other jurisdictions. *Smallwood v. Johnson*, 73 F.3d 1343, 1346-47 (5th Cir. 1996); *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992). If the sentence is not "grossly disproportionate," in the first instance, the inquiry is finished. *United States v. Gonzales*, 121 F.3d 928 (5th Cir.1997), *cert. denied*, 522 U.S. 1063 (1998). As the Supreme Court has noted, outside the context of capital punishment, successful proportionality challenges are "exceedingly rare", and constitutional violations are sustained in only "extreme" or "extraordinary" cases. *Ewing v. California*, 538 U.S. 11, 23-30 (2003) (citations omitted); *Lockyer v. Andrade*, 538 U.S. 63 (2003).

Billiot was convicted of indecent behavior with a juvenile in violation of La. Rev. Stat. Ann. § 14:81 after exchanging sexually explicit pictures and text messages with A.S., a fourteen-year-old

female. A person convicted under that provision faces a sentence to a fine of not more than $5,000.00, or imprisonment with or without hard labor for not more than seven (7) years, or both. La. Rev. Stat. Ann. § 14:81(H)(1). Although Billiot had two prior convictions, including one in 1992 for indecent behavior with a juvenile, he was sentenced under these first offender provisions.

As indicated previously, Billiot was sentenced within the statutory range to the maximum seven (7) year term of imprisonment. He has not established the disproportionality required to trigger further scrutiny of his sentence by this federal habeas court. Furthermore, the Louisiana courts regularly impose the maximum seven (7) year sentence on first offenders under similar circumstances where the offender, as here, was significantly older adult and seen to have taken advantage of his position in committing the offense. *See*, *e.g.*, *State v. Haltom*, 46 So.3d 708 (La. App. 2d Cir. 2010) (seven years imposed on thirty-two-year-old first offender with no criminal history for indecent behavior with a fourteen-year-old juvenile where defendant arranged to meet her via the internet and had child pornography on the computer); *State v. Albarado*, 878 So.2d 849 (La. App. 1st Cir. 2004 (seven years imposed on thirty-four year old first offender after plea of guilty to indecent behavior with a fifteen-year-old female student); *State v. Cormier*, No. 13-1140, 2014 WL 1390451, at *1 (La. App. 3d Cir. Apr. 9, 2014) (seven years imposed on first offender with criminal past after plea of guilty to indecent behavior with his step-daughter who was under seventeen).

Billiot has not demonstrated that his sentence was disproportionate to his offense, excessive, or otherwise unconstitutional under the circumstances. The state courts' denial of relief on this issue was not contrary to or an unreasonable application of Supreme Court law. He is not entitled to relief on this issue.

**VI.	Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Irvine Dirk Billiot's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[26]

New Orleans, Louisiana, this 14th day of August, 2014.

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**

---

[26]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.